PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAREEM PERRY,

      Petitioner,

  -v-                                          16-CV-517S
                                                  ORDER

MICHAEL SHEAHAN,

      Respondent.
_____

KAREEM PERRY,

      Petitioner,

  -v-                                          16-CV-529S
                                                  ORDER

MICHAEL SHEAHAN,

      Respondent.
_____

## **INTRODUCTION**

Petitioner, Kareem Perry, a prisoner detained at the Southport Correctional Facility, has filed one Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (16-CV-517S) and another under 28 U.S.C. § 2241 (16-CV-529S), challenging his continued incarceration on the basis that his time computation has been improperly performed, as more precisely set forth in his Petitions. Petitioner has paid the filing fees.

## **DISCUSSION**

The United States Court of Appeals for the Second Circuit has held that the proper habeas corpus statute to challenge incarceration pursuant to a judgment in state

court is 28 U.S.C. § 2254, not 28 U.S.C. § 2241, and that in such a situation, the district court is required to convert the petition to one brought under § 2254. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 275-78 (2d Cir. 2003). "[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead. It is the substance of the petition, rather than its form, that governs." *Cook*, 321 F.3d at 277-78 (citation and internal quotation omitted). Although *Cook* dealt with a violation of parole, not a conviction, the reasoning is equally applicable here.

But before the Court can convert this § 2241 Petition to one brought under § 2254, it must first give Petitioner notice and an opportunity to withdraw the Petition without prejudice, because a petition filed under § 2254 is subject to the "second" or "successive" petition restrictions of 28 U.S.C. § 2244(b), and such restrictions "might preclude [a petitioner] from ever seeking federal review of claims, even meritorious ones, not raised in th[e] petition." *Cook*, 321 F.3d at 281-82; *see also Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (district courts should not recharacterize motions brought under some other provision to ones brought under § 2255 unless petitioner is advised of consequences of such recharacterization, *i.e.*, second or successive petition restrictions, and provided opportunity to withdraw petition).

In this case, Petitioner filed a Petition under § 2254, then explicitly refiled the same arguments under § 2241 in the mistaken belief that this was the proper vehicle by which to raise his claims. Petitioner has also requested that his earlier Petition (16-CV-517S) be "discarded" in favor of the newer Petition. Because these two Petitions raise the same issues against the same Respondents, they will be consolidated into one

action. When actions involve common questions of law or fact, such as these two actions by Petitioner, the Court may consolidate the actions and make any such orders regarding them "as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a). Accordingly, Petitioner's two actions shall be consolidated into a single action under file number 16-CV-517S, and his application to "discard" the Petition will be denied.

Section 2254 of 28 U.S.C. requires a petitioner for habeas corpus relief to first exhaust his state-court remedies. It appears plain from the face of the Petition that the Petitioner has not done so. To properly exhaust state court remedies, a petitioner must fairly present his claims to the state's highest court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 839-40 (1999). A petitioner may exhaust his state-court remedies by pursuing his claims through a full round of state post-conviction proceedings. *Castille v. Peoples,* 489 U.S. 346, 350-51 (1989).

Although it appears from the face of the Petition that the Petition should be dismissed due to Petitioner's failure to exhaust his state-court remedies with respect to each of the claims raised in the Petition, the Second Circuit has held that a federal district court should not *sua sponte* dismiss a federal habeas claim on the basis of the petitioner's failure to exhaust without first providing the petitioner notice and an opportunity to be heard. *E.g., Acosta v. Artuz,* 221 F.3d 117, 121-24 (2d Cir. 2000). Petitioner will therefore be given the opportunity to complete the § 2254 Exhaustion Response Form.

Section 2254(b)(1)(A) of 28 U.S.C. requires a petitioner for habeas corpus relief to first exhaust his state-court remedies with respect to each of the grounds raised in the petition. Petitioner notes that he was unsuccessful in raising this issue by way of a

petition for Habeas Corpus in state court, and that he did not appeal that decision because he thought it would be futile to do so. Petitioner contends that New York courts do not recognize habeas corpus relief.

Section 2254(b)(1)(A) of 28 U.S.C. provides for exceptions to the exhaustion requirement of § 2254(b)(1)(A) where:

> **(B)(i)** there is an absence of available State corrective process; or
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. The decision on the merits of Petitioner's state court action demonstrates that there is an available state corrective process. The decision rejecting his arguments on the merits does not demonstrate that such process is ineffective to protect his rights. Indeed, an adverse decision is the necessary first step under 28 U.S.C. § 2254(b)(1)(A). It does not establish futility, and therefore it cannot excuse the failure to exhaust. Nor, if his time to appeal has now passed, does Petitioner's potential default constitute a basis to find that he is excused from exhausting his state remedies. *See Aparicio v Artuz*, 269 F3d 78, 90 (2d Cir. 2001) ("when the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, federal habeas courts also must deem the claims procedurally defaulted.") (internal quotation omitted).

As noted above, the information Petitioner has submitted demonstrates that he has not met the requirement that he exhaust his state-court remedies. If Petitioner has in fact included in this Petition any claims which have not been exhausted, Petitioner has four options.

**First**, Petitioner may choose to file an amended Petition which raises **only** those grounds for which state-court remedies have been exhausted, thereby withdrawing from this Court's consideration all grounds for which such remedies have not been exhausted. The effect of such withdrawal may be that Petitioner will **not** be permitted to raise the withdrawn grounds in a second or successive habeas petition, *see* 28 U.S.C. § 2244(b). If Petitioner chooses to amend his Petition, the Amended Petition must be filed with the Clerk of Court by **August 12, 2016**.

**Second**, Petitioner may choose to withdraw the entire Petition herein to permit him time to exhaust all of the claims. If Petitioner chooses that option, Petitioner may then raise the claims in another petition, which will not be considered a second petition for purposes of § 2244(b) and therefore will not be foreclosed by the second- or successive-petition requirements of the statute.[1] Petitioner is advised that the applicable statute of limitations is tolled only "during the time in which a properly filed application for state post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

**Third**, Petitioner may ask to stay this Petition to permit him to exhaust his state court remedies with respect to one or more of his claims for habeas relief. *See Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001). If this Petition is a mixed habeas petition containing both exhausted and unexhausted claims, the Court may only deny the

---

[1] The United States Supreme Court has determined, in *Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120, 150 L.Ed.2d 251 (2001), that an application for federal habeas corpus review is **not** an "application for State post-conviction or other collateral review," within the meaning of tolling provision of 28 U.S.C. § 2244(d)(2). Accordingly, the time for filing a federal habeas petition is **not** tolled during the pendency of a first federal habeas petition. Thus, a petitioner seeking to withdraw the petition in order to exhaust claims may be foreclosed from coming back to federal court for habeas relief by the statute of limitations, because the time for filing a federal habeas petition was **not** tolled for habeas statute of limitations reasons during the pendency of the petition herein.

Petition. 28 U.S.C. § 2254(b)(2). In addition, if the Court were to dismiss the entire Petition without prejudice to Petitioner's refiling it after he has exhausted all of his claims, he may find himself barred by the applicable statute of limitations, because this Petition may have been filed too near the end of the limitations period. 28 U.S.C. § 2244(d)(1). If Petitioner were to seek and be granted a stay, the Court would dismiss the unexhausted claims and condition the stay on Petitioner's initiation of exhaustion within 30 days, and his return to the district court within 30 days of the completion of the effort to exhaust.

**Petitioner is cautioned that standard rules for amendment under Fed. R. Civ. P. 15, including the "relation back" rules of Rule 15(c), will apply to Petitioner's request to amend the Petition to include the dismissed unexhausted claims in the Petition again when they are exhausted.** *See Zarvela*, 253 F.3d at 383.

**Fourth**, if Petitioner has unexhausted claims that Petitioner may no longer exhaust because of procedural bars, Petitioner should provide the Court with the detailed information requested in the attached § 2254 Exhaustion Response Form, including the cause for the failure to exhaust and the prejudice sustained with respect to each such claim. If Petitioner chooses this option, and if the Court finds that the cause and prejudice is legally sufficient, the claim will be deemed exhausted and the Petition determined on the merits. **Petitioner is cautioned, however, that if he chooses this option and the cause and prejudice is <u>not</u> found to be legally sufficient, the Court may dismiss the Petition and all the grounds therein with prejudice, thereby foreclosing Petitioner from raising the grounds in a second or successive**

**petition.** If Petitioner chooses this option, the information must be set forth on the attached Petitioner's § 2254 Exhaustion Response Form and filed with the Clerk of Court by **August 12, 2016**.

**Failure to comply with one of the four above options by August 12, 2016, will result in the automatic dismissal of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.** Such dismissal shall **not** constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b) and therefore would not preclude the filing of another petition. Moreover, regardless of the option chosen, the Court must still evaluate the Petition or Amended Petition pursuant to 28 U.S.C. § 2254(b)(1)(A).

## ORDERS

IT IS HEREBY ORDERED that the Clerk of Court is directed to send Petitioner the § 2254 Exhaustion Response Form, together with a copy of his original Petition under 16-CV-517 and a form for filing a § 2254 petition for his use should he decide to file an Amended Petition withdrawing the unexhausted claims;

FURTHER, that case numbers 16-CV-517S, and 16-CV-529S are consolidated as case number 16-CV-517.

FURTHER, that the Clerk of Court is directed to file the Petition submitted in 16-CV-529S as a supplement to the petition in 16-CV-517S;

FURTHER, that the Clerk of Court is directed to close case number 16-CV-529S;

FURTHER, that Petitioner's application that his petition in 16-CV-517S be dismissed is DENIED without prejudice;

SO ORDERED.

/s/William M. Skretny
William M. Skretny
United States District Judge

DATED:   July 7, 2016
         Buffalo, NY