PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAREEM S. PERRY,

       Petitioner,

  -v-                                                16-CV-517S
                                                      ORDER

MICHAEL SHEAHAN,

       Respondent.
_____

## **INTRODUCTION**

Petitioner, Kareem S. Perry, a prisoner detained at the Southport Correctional Facility, seeks relief *pro se* under 28 U.S.C. § 2254 (Docket No. 1). Petitioner challenges his continued incarceration on the basis that his time computation has been improperly performed, as more precisely set forth in his Petition. Petitioner was directed to complete a § 2254 Exhaustion Response Form, which he has now done (Docket No. 5). For the reasons discussed below, the Petition must be dismissed without prejudice pursuant to 28 U.S.C. § 2254(b)(1)(A) for failure to exhaust state remedies.

## **DISCUSSION**

Section 2254 of 28 U.S.C. requires a petitioner for habeas corpus relief to first exhaust his state court remedies. To properly exhaust state court remedies, a petitioner must fairly present his claims to the state's highest court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 839-40 (1999). A petitioner may exhaust his state court remedies by pursuing his claims throughout a full round of state post-conviction proceedings. *Castille v. Peoples,* 489 U.S. 346, 350-51 (1989).

Section 2254(b)(1)(A) of 28 U.S.C. requires a petitioner for habeas corpus relief to first exhaust his state court remedies with respect to each of the grounds raised in the petition. Petitioner's Response notes that he was unsuccessful in raising the issue presented in the instant Petition by way of a petition for habeas corpus in state court, and he did not appeal that decision because doing so would have been futile. Petitioner argues that New York courts do not recognize habeas corpus relief, and that no appeal lies from a "decision".

The exhaustion of state remedies requirement means that the petitioner must have presented his constitutional claim to the highest state court from which a decision can be obtained. *See O'Sullivan*, 526 U.S. at 845 (holding that a habeas petitioner must give the state courts a "full and fair opportunity" to review the merits of his federal claims "by invoking one complete round of the State's established appellate review process"). In *O'Sullivan*, the petitioner presented his arguments to lower courts, but in his application for permission to appeal to the highest state court he relied on some, but not all, of the grounds he had pressed below and wished to raise in his federal habeas petition. The Supreme Court held that he could not raise the missing claims because he had failed to present them to the highest state court, and was therefore barred from raising them in his petition:

> Boerckel's amended federal habeas petition raised three claims that he had pressed before the Appellate Court of Illinois, but that he had not included in his petition for leave to appeal to the Illinois Supreme Court. There is no dispute that this state court remedy-a petition for leave to appeal to the Illinois Supreme Court-is no longer available to Boerckel; the time for filing such a petition has long passed. See Ill. Sup.Ct. Rule 315(b). Thus, Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims.

*Id.* at p 848.  Here, Petitioner has presented none of his claims to New York's highest court, and in fact did not appeal the denial of his state court petition for a writ of habeas corpus.  Petitioner has therefore failed to exhaust his state remedies as required by statute.

Petitioner claims that he qualifies for an exception because further proceedings under New York law would be "futile".  Section 2254(b)(1)(A) of 28 U.S.C. provides for exceptions to the exhaustion requirement of § 2254(b)(1)(A) where:

> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254.

Petitioner correctly notes that under New York State law, a petition for habeas corpus does not lie unless the petitioner can show that he is entitled to immediate release.  Petitioner claims that he is past his conditional release date, but recognizes that this does not entitle him to immediate release, and therefore habeas does not apply.  But contrary to Petitioner's argument, this does not prove that he lacks a means to press his arguments in state court, merely that he chose the wrong vehicle for doing so.  As the Appellate Division, Fourth Department has explained in an analogous situation (eligibility for parole rather than conditional release):

> the remedy of habeas corpus is available only to one who is entitled to immediate release from the custody he is challenging. If petitioner prevails, he will be entitled only to earlier consideration for release by the Parole Board, not immediate release. Thus, habeas corpus relief is inappropriate. **Petitioner's appropriate procedural remedy is a CPLR article 78 proceeding**, and we thus convert the petition.

*People ex rel. Dell v Walker*, 186 AD2d 1043, 1043 (4th Dept 1992) (citations and internal quotation omitted) (emphasis supplied).  Therefore, while Petitioner is unable to

present the argument that he is entitled to be conditionally released via petition for a writ of habeas corpus, he does have an available remedy to present that issue in state court in the form of a proceeding under NYCPLR Article 78.

Petitioner also claims that further action would have been "futile" because no appeal lies from the decision rendered in his case (Docket No. 5 p. 11). It is true that under New York State law a mere decision is not appealable. *See* NYCPLR § 5512 McKinney's Civil Practice Law and Rules, Practice Commentaries by Richard C. Reilly, "No appeal lies from a decision, verdict, report, or ruling." However, the Decision and Order which Petitioner attached (Docket No. 1 pp. 94-96), while missing a page in Petitioner's filing, was an appealable document under NYCPLR § 5512:

> "Appealable paper. An initial appeal shall be taken from the judgment or order of the court of original instance and an appeal seeking review of an appellate determination shall be taken from the order entered in the office of the clerk of the court whose order is sought to be reviewed."

Had Petitioner used the correct procedural vehicle, a proceeding under NYCPLR Article 78, the nature of the decision denying him relief would have been no bar to his further appeal, and therefore to his ability to satisfy the requirements of 28 U.S.C. § 2254(b)(1)(A).

Petitioner's frustration at his difficulty navigating the procedural requirements *pro se*, and at the time required to do so correctly, is understandable, but Petitioner has not established either that "there is an absence of available State corrective process" nor "circumstances exist that render such process ineffective to protect the rights of the applicant." Therefore, it cannot excuse his failure to exhaust under 28 U.S.C. § 2254(b)(1)(A). The Petition is therefore dismissed for failure to exhaust state remedies.

This does not constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b) and therefore, would not preclude the filing of another Petition once Petitioner has exhausted his state remedies.

### **ORDERS**

IT IS HEREBY ORDERED, that the Petition is DISMISSED without prejudice to filing a new petition once Petitioner's state remedies are exhausted;

FURTHER, that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

DATED: October 18, 2016
Buffalo, NY

<u>/s/William M. Skretny</u>
William M. Skretny
United States District Judge